# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JAMAR R. CEPHAS, SR., | ) | CASE NO. 7:19CV00615 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BUCKINGHAM CORRECTIONAL | ) | |
| CENTER, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Jamar R. Cephas, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Buckingham Correctional Center ("BKCC"), alleging that he was improperly confined near a mentally ill inmate who injured him. After review of the record, the court concludes that this civil action must be summarily dismissed.

Cephas alleges the following sequence of events on which he bases his § 1983 claim. On May 9, 2019, at BKCC, Cephas and Kevin Hunter were confined in the same housing area, A3 Pod. Hunter had not been taking his mental health medications. After the two inmates had a conversation about music, Hunter became offended, ordered him into a cell, and followed him, holding a knife to his back. Once they were inside the cell, Hunter stabbed Cephas numerous times and then walked away. Cephas was hospitalized for four days and then spent several days in the BKCC infirmary. His injuries required stitches.

Cephas filed this § 1983 action against BKCC, complaining that his life was put in danger because the prison housed mental patients around normal individuals. As relief, he seeks monetary damages for pain and suffering.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to

state a claim upon which relief can be granted." A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

As stated, Cephas identifies only one defendant: BKCC. The prison, however, is not a person that can be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Because Cephas' § 1983 claim cannot proceed against the only defendant he has named, the court will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous.[1] An appropriate order will enter this day. Such a dismissal leaves Cephas free to

---

[1] Moreover, the current complaint does not state facts supporting any actionable § 1983 claim against anyone.

> The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Prisons house persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, and at the same time strips inmates of virtually every means of self-protection. . . . .
> Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.
> That being said, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Rather, liability attaches only when two requirements are met. First, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim based on a failure to prevent harm, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm.

Makdessi v. Fields, 789 F.3d 126, 132-33 (4th Cir. 2015). Cephas has met this first aspect of the constitutional standard by showing that he suffered significant harm from Hunter's attack.

His claim fails on the second part of the standard, which requires him to show that, subjectively, the defendant official or officials had knowledge of facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. Makdessi, 789 F.3d at 133-34. While prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. Id. at 132. Cephas alleges that the inmate attacker was mentally ill and off his medications, so he should not have been confined with other inmates. His complaint does not state facts indicating that any prison official knew of Hunter's mental condition or lack of medications, or knew that these factors created a substantial risk that Hunter would attack and seriously harm other inmates. Thus, the events Cephas describes suggest that officials assigned Hunter to a housing unit with other inmates, while not knowing, or failing to check,

2

refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of December, 2019.

/s/ Ben Connell
Senior United States District Judge

---

his mental status or tendency for violence. Risks of harm created through such inadvertent or negligent actions do not give rise to constitutional claims. Id.

[2] The court also notes Cephas' admission that he did not exhaust administrative remedies before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). Thus, his failure to exhaust provides an additional ground for dismissal of this action without prejudice.